IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| DEERE & COMPANY, | : | |
|---|---|---|
| Plaintiff, | : | |
| v. | : | Civil Action No. 18-827-CFC |
| AGCO CORPORATION, | : | |
| Defendant. | : | |

| DEERE & COMPANY, | : | |
|---|---|---|
| Plaintiff, | : | |
| v. | : | Civil Action No. 18-828-CFC |
| PRECISION PLANTING LLC, | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

Defendants AGCO Corporation and Precision Planting LLC have jointly moved pursuant to 28 U.S.C. § 1404(a) to transfer to the Central District of Illinois these patent infringement actions filed by Deere & Company. Defendants have jointly filed identical motions in both civil actions. *See* D.I. 19 in both Civil Action Nos. 18-827 and 18-828. AGCO and Precision Planting are both incorporated in Delaware. Precision Planting is headquartered and has its principal

place of business in the Central District of Illinois. Precision Planting is a recently-acquired subsidiary of AGCO. AGCO has another subsidiary, GSI, with three facilities in the Central District of Illinois, but AGCO is headquartered and has its principal place of business in Duluth, Georgia. GSI is not a defendant in this case.

The parties have asked that I consolidate these actions, *see* D.I. 31 at 2 n.2, and Defendants have asked that I transfer both actions. Defendants do not want me to transfer only one of the actions; on the contrary, they have presented me with an "all or nothing" choice — either transfer both actions or deny Defendants' motions. *See* Tr. of Dec. 20, 2018 Hr'g at 6:21–7:19. Accordingly, I will deny Defendants' motions because there is a "real question" about whether Deere could have sued AGCO in the Central District of Illinois.

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Under § 1404(a), an action "might have been brought" in the transferee forum "only if the plaintiff had an 'unqualified right' to bring the action in the transferee forum at the time of the commencement of the action." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970). "If there is a 'real question' whether a plaintiff could have commenced the action originally in the transferee forum, it is evident that [the plaintiff] would not have an unqualified right to bring [its] cause

in the transferee forum." *Id.* (citation omitted). In *Shutte*, the Third Circuit considered there to be a "real question" about whether suit could have been brought in the proposed transferee forum against one of the two defendants moving for transfer, because although jurisdiction over the defendant was proper under Missouri's long-arm statute, "the legality of that statute had not been adjudicated, and there were strong doubts as to its validity." *Id.*

A patent infringement case "may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Under § 1400(b), a domestic corporation "resides" only in its state of incorporation. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1521 (2017). Therefore, AGCO "resides" only in Delaware. So as a prerequisite to transferring this case under § 1404(a), there must be no "real question" about whether AGCO has "a regular and established place of business" in the Central District of Illinois.

"In deciding whether a defendant has a regular and established place of business in a district, no precise rule has been laid down and each case depends on its own facts." *In re Cray Inc.*, 871 F.3d 1355, 1362 (Fed. Cir. 2017). There are, however, certain statutory "requirements" that "must be present." *Id.* First, "[t]he statute requires a 'place.'" *Id.* "The second requirement . . . is that the place 'must be a regular and established place of business.'" *Id.* "[T]he third requirement" is

that the place must be "a place *of the defendant*." *Id.* at 1363 (emphasis in original). "The[se] 'requirements' . . . inform whether there exist the necessary elements, but do not supplant the language of the statute." *Id.* at 1362.

AGCO argues that it has a "regular and established place of business" in the Central District of Illinois because its subsidiary GSI has three facilities there. D.I. 20 at 9; D.I. 34 at 5–7. Deere argues that GSI's facilities are not "place[s] of [AGCO]" and therefore that *Cray*'s third requirement for proper venue would not have been satisfied if Deere had originally sued AGCO in the Central District of Illinois. D.I. 31 at 5 (second alteration in original) (internal quotation marks and citation omitted).

In *Cray*, the Federal Circuit explained that whether a place of business is "of the defendant" under § 1400(b) depends on multiple factors:

> Relevant considerations include whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place. One can also recognize that a small business might operate from a home; if that is a place of business of the defendant, that can be a place of business satisfying the requirement of the statute.

> Another consideration might be whether the defendant conditioned employment on an employee's continued residence in the district or the storing of materials at a place in the district so that they can be distributed or sold from that place. Marketing or advertisements also may be relevant, but only to the extent they indicate that the defendant itself holds out a place for its business.

4

> . . . [A] defendant's representations that it has a place of business in the district are relevant to the inquiry. Potentially relevant inquiries include whether the defendant lists the alleged place of business on a website, or in a telephone or other directory; or places its name on a sign associated with or on the building itself. But the mere fact that a defendant has advertised that it has a place of business or has even set up an office is not sufficient; the defendant must actually engage in business from that location. . . .
>
> A further consideration for this requirement might be the nature and activity of the alleged place of business of the defendant in the district *in comparison with* that of other places of business of the defendant in other venues.

871 F.3d at 1363–64 (emphasis in original). *Cray* does not discuss whether a defendant's subsidiary's presence in a place is a relevant consideration. Moreover, as far as I am aware, neither the Supreme Court nor the Federal Circuit has ruled on whether a defendant's subsidiary's "place of business" could be one that "the defendant has" for purposes of § 1400(b).

Whether Deere could have sued AGCO in the Central District of Illinois therefore is a question of first impression that depends on the impact of recent judicial interpretations of the patent venue statute and requires an open-ended multifactor inquiry just to satisfy one of three "requirements" for proper venue.[1]

---

[1] Defendants argue that "Deere uses the wrong legal standard" to determine whether AGCO has "a regular and established place of business" in the Central District of Illinois. D.I. 34 at 5. Defendants and Deere both cite *Cray*'s requirement that "a regular and established place of business" must be "of the

5

Accordingly, I consider there to be a "real question" about whether Deere could have sued AGCO in the Central District of Illinois. I will therefore deny Defendants' joint motion to transfer (D.I. 19).

Wherefore, on this 9th day of January 2019, **IT IS HEREBY ORDERED** that:

---

defendant" under § 1400(b). D.I. 31 at 5; D.I. 34 at 5. Deere discusses in its brief the general rules about when corporate formalities can be ignored such that venue over a dispute involving a parent corporation would be proper because of its wholly-owned subsidiary's ties to the venue, D.I. 31 at 5–7, but Defendants suggest that these general rules surrounding "corporate separateness" are not relevant to interpreting the patent venue statute under *Cray*, D.I. 34 at 5–6. Defendants instead analyze whether GSI's facilities are "of the defendant" using only the factors established in *Cray* under *Cray*'s open-ended multifactor test, D.I. 34 at 5–7, criticizing Deere for "not analyz[ing] any of the *Cray* factors," D.I. 34 at 6. The parties' disagreement over the relevant legal rules and principles underscores the uncertainty about whether Deere could sue AGCO for patent infringement in the Central District of Illinois. *See* David A. Serati, *Filling the Jurisprudential Gap: "Regular and Established Place of Business" After* In Re Cray, Inc., 96 WASH U. L. REV. 395, 416 (2018) (analyzing the definition of "regular and established place of business" under § 1400(b) after the Federal Circuit's decision in *Cray* and noting that *Cray* "provides little guidance" for cases wherein "plaintiffs [] only allege a corporate defendant's subsidiary in the district"); Robert Tapparo, *The Supreme Court and the Federal Circuit Turn Patent Infringement Venue Jurisprudence Upside Down*, 7 AM. U. BUS. L. REV. 407, 419 (2018) ("The Supreme Court and Federal Circuit have not presented a straightforward method for distinguishing between a separate corporate subsidiary [and] a corporate subsidiary that operates as 'the place of the defendant' even though the two entities file separate financial documents and have separate legal structures. This ambiguity will continue to lead to differing results for similar factual situations across different circuits.").

1. Defendants AGCO Corporation and Precision Planting LLC's Motion to Transfer Venue (D.I. 19) in Civil Action No. 18-827-CFC is **DENIED**; and

2. Defendants AGCO Corporation and Precision Planting LLC's Motion to Transfer Venue (D.I. 19) in Civil Action No. 18-828-CFC is **DENIED**.

                         CONNOLLY, UNITED STATES DISTRICT JUDGE