IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEERE & COMPANY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 18-827-CFC |
| | : | |
| AGCO CORPORATION and | : | |
| PRECISION PLANTING LLC, | : | |
| | : | |
| Defendants.: | | |

---

Adam W. Poff, Pilar G. Kraman, YOUNG, CONAWAY, STARGATT &
TAYLOR LLP, Wilmington, Delaware; Richard L. Rainey, Kevin B. Collins, R.
Jason Fowler, Jay I. Alexander, Daniel E. Valencia, Nicholas L. Envoy,
COVINGTON & BURLING LLP, Washington, District of Columbia

*Counsel for Plaintiff*

Jack B. Blumenfeld, Jeremy A. Tigan, Anthony D. Raucci, MORRIS, NICHOLS,
ARSHT & TUNNELL LLP, Wilmington, Delaware; Michael J. Summersgill,
Jordan L. Hirsch, WILMER, CUTLER, PICKERING, HALE AND DOOR LLP,
Boston, Massachusetts; Mary V. Sooter, WILMER, CUTLER, PICKERING,
HALE AND DOOR LLP, Denver, Colorado; Heath A. Brooks, Michael E. Wolin,
WILMER, CUTLER, PICKERING, HALE AND DOOR LLP, Washington,
District of Columbia

*Counsel for Defendants*

## MEMORANDUM OPINION

February 19, 2019
Wilmington, Delaware

Plaintiff Deere & Company has sued Defendants AGCO Corporation and Precision Planting LLC, alleging direct, induced, contributory, and willful infringement of the same 13 patents in 13 respective counts of separate but similar amended complaints. *See generally* D.I. 9 in Civil Action No. 18-827 ("AFAC"); D.I. 9 in Civil Action No. 18-828 ("PFAC"). AGCO and Precision Planting filed in their respective actions identical motions to dismiss Deere's "claims of indirect and willful infringement and enhanced damages" pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. *See* D.I. 11.[1] For the reasons discussed below, I will grant in part and deny in part the motions.

## I.   BACKGROUND[2]

AGCO manufactures and sells planters—mechanical implements towed behind a tractor that sow seeds in rows in a field. Precision Planting manufactures and sells components of planters, including certain seed meters (the vSet Products)

---

[1] The parties' motions and briefing with respect to the motions have the same D.I. numbers. The cases were consolidated after the briefing on the motions was completed.

[2] As I am assessing the merits of a Rule 12(b)(6) motion to dismiss, I accept as true all factual allegations in the amended complaints and view those facts in the light most favorable to the plaintiff. *See Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008).

and a seed delivery system (the SpeedTube Product). Deere alleges in both amended complaints that the combination of a vSet Product with the SpeedTube Product infringes its patents-in-suit. *See* AFAC ¶ 89; PFAC ¶ 87. Deere also alleges—in the AGCO amended complaint only—that the installation of the vSet Products and/or the SpeedTube Product in certain planters manufactured and sold by AGCO results in a combination that infringes the patents-in-suit. *See* AFAC ¶ 97.

Deere alleges in both amended complaints that Defendants marketed and sold the combination of the vSet Products with the SpeedTube Product, and also that they "instruct[ed]" certain "Downstream Parties," i.e., "end users, customers, dealers, distributors, and/or resellers," AFAC ¶ 107; PFAC ¶ 93, "to combine the vSet Products with the SpeedTube product and make, use, sell, offer to sell, and/or import those products together." AFAC ¶¶ 125, 145, 168, 190, 211, 232, 251, 270, 290, 309, 332, 354, 376; PFAC ¶¶ 111, 131, 154, 176, 197, 218, 237, 256, 276, 295, 318, 340, 362. Deere also alleges in the AGCO amended complaint that AGCO marketed and sold planters that had a vSet Product and/or the SpeedTube Product. *See* AFAC ¶¶ 99, 101, 104.

In a letter sent to Precision Planting on August 11, 2017, Deere identified the four patents it asserts in Counts 1, 2, 5, and 6 of the amended complaints and "explain[ed] that Precision Planting's products infringe multiple claims" of those

patents. AFAC ¶¶ 129, 149, 215, 236; PFAC ¶¶ 115, 135, 201, 222. Although

Deere attached 24 and 22 exhibits, respectively, to the AGCO and Precision

Planting amended complaints, it did not attach (or quote from) the August 2017

letter; nor did it make "Precision Planting's products" a defined term in the

amended complaints or allege any additional facts about the contents of the August

2017 letter in either amended complaint. Thus, there is no allegation in the

amended complaints that Deere identified in the August 2017 letter the vSet

Products or SpeedTube Product; and there is no allegation that Deere stated in the

letter that the combination of those products or the combination of AGCO's

planters with either a vSet Product or the SpeedTube Product infringes any of the

four patents asserted in Counts 1, 2, 5, and 6 of the amended complaints.

On or about September 1, 2017, AGCO acquired Precision Planting as a

subsidiary. AFAC ¶ 17; PFAC ¶ 17.

In an instruction manual dated October 2016 and published as recently as

May 24, 2018 on Precision Planting's website, Precision Planting instructed

customers to combine a vSet Product with the SpeedTube Product. *See* AFAC ¶¶

92, 93 and Ex. 22; PFAC ¶¶ 90, 91 and Ex. 21. As recently as May 24, 2018,

AGCO published on its website marketing materials that featured an AGCO

planter with the SpeedTube Product and an AGCO planter with a vSet Product.

*See* AFAC ¶¶ 66, 99, 101, 103, 104.

On June 1, 2018, Deere filed its original complaints in these actions. According to the Precision Planting amended complaint, the original complaint against Precision Planting alleged that the combination of the vSet and SpeedTube Products infringe claims of the eight patents asserted in Counts 3–4 and 7–12 of the amended complaints. *See* PFAC ¶¶ 158, 180, 241, 260, 280, 299, 322, 344.[3] According to the AGCO amended complaint, the original complaint filed against AGCO alleged that both the combination of a vSet Product with the SpeedTube Product and the combination of an AGCO planter with a vSet Product and/or the SpeedTube Product infringe claims of those eight patents. *See* AFAC ¶¶ 172, 194, 255, 274, 294, 313, 336, 358.[4]

---

[3] To be precise, Deere alleges in the Precision Planting amended complaint that the original complaint against Precision Planting "alleg[ed] that the Accused Infringing Products infringe claims" of the eight patents asserted in Counts 3–4 and 7–12. *See* PFAC ¶¶ 158, 180, 241, 260, 280, 299, 322, 344. The Precision Planting amended complaint defines "Accused Infringing Product" as "the combination" of the vSet and SpeedTube Products. PFAC ¶ 87.

[4] To be precise, Deere alleges in the AGCO amended complaint that the original complaint against AGCO "alleg[ed] that the Accused Infringing Products infringe claims" of the eight patents asserted in Counts 3–4 and 7–12. *See* AFAC ¶¶ 172, 194, 255, 274, 294, 313, 336, 358. The amended complaint against AGCO defines "Accused Infringing Products" as the combination of the "Accused Precision Planting Products" and the "Accused Combined Products." *See* AFAC ¶ 105. The AFAC defines "Accused Precision Planting Products" the same way the PFAC defines "Accused Infringing Product"—i.e., a combination involving the vSet and SpeedTube Products. AFAC ¶ 89. The AFAC defines "Accused Combined Product" as the combination of an AGCO planter with "a product manufactured by Precision Planting—including, for example, the vSet Products, the SpeedTube, or the Accused Precision Planting Products." AFAC ¶ 97.

The patent asserted in Count 13 of the amended complaints (U.S. Patent No. 10,004,173 (the "#173 Patent")) was issued on June 26, 2018. AFAC ¶ 363; PFAC ¶ 349. Deere alleges that it informed Defendants' counsel on June 27, 2018 of the issuance of the #173 Patent. AFAC ¶ 380; PFAC ¶ 366. According to the Precision Planting amended complaint, Deere also informed Defendants' counsel on that date "that claims of the [#]173 Patent are infringed by" the combination of the vSet and SpeedTube Products. PFAC ¶ 366. According to the AGCO amended complaint, Deere also informed Defendants' counsel on June 27, 2018 that both the combination of a vSet Product and the SpeedTube Product and the combination of AGCO's planters with a vSet Product and/or the SpeedTube Product infringe claims of the #173 Patent. AFAC ¶ 380.[5]

Deere filed its amended complaints against AGCO and Precision Planting on July 11, 2018.

## II.    LEGAL STANDARDS

To state a claim upon which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to

---

[5] Again, to be precise, Deere alleges in the amended complaints that Deere informed Defendants' counsel on June 27, 2018 "of the issuance of the [#]173 Patent and that claims of the [#]173 Patent are infringed by the Accused Infringing Products." AFAC ¶ 380; PFAC ¶ 366. As noted above in footnotes 3 and 4, Deere defined "Accused Infringing Products" differently in the two amended complaints.

relief." FED. R. CIV. P. 8(A)(2).  Detailed factual allegations are not required, but the complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when the factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. *Umland*, 542 F.3d at 64.

## III.  DISCUSSION

Defendants have moved to dismiss Deere's claims for enhanced damages, induced infringement, and contributory infringement.

### A. ENHANCED DAMAGES

#### 1. Legal Standards

Section 284 of the Patent Act "gives district courts the discretion to award enhanced damages against those guilty of patent infringement." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935 (2016).  The statute provides that "the court may increase the damages up to three times the amount found or assessed." 35 U.S.C. § 284.  Although the Court in *Halo* intentionally "eschew[ed] any rigid formula for awarding enhanced damages under § 284," 136 S. Ct. at 1934, the

Court held that the legal principles "developed over nearly two centuries of application and interpretation of the Patent Act ... channel the exercise of [the district court's] discretion" and "limit[ ] the award of enhanced damages to egregious cases of misconduct beyond typical infringement," *id.* at 1935. Thus, enhanced damages awards under § 284 are available only in "egregious cases" of misconduct that involve more than "typical" infringement. *Id.* As the Court explained, the enhanced damages award provided by § 284 was "designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior ... [that] has been variously described in [the Court's] cases as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Id.* at 1932.

Although "§ 284 allows district courts to punish th[is] full range of culpable behavior[,]" *id.* at 1933, in the vast majority of patent cases filed today, claims for enhanced damages are sought based on allegations of willful misconduct—so much so that, even though the words "willful" and "willfulness" do not appear in § 284, plaintiffs and courts more often than not describe claims for enhanced damages brought under § 284 as "willful infringement claims" (just as Deere has done in this case). Indeed, some parties and courts refer to such claims as willful infringement "causes of action" even though § 271 of the Patent Act, which creates causes of action for direct, induced, and contributory infringement, does not

mention or suggest such a thing as "willful infringement."[6] The fact that

willfulness is the most common type of misconduct alleged by plaintiffs who

invoke § 284 makes sense, as willful conduct "serve[s] as [the] floor for culpable

behavior that may incur enhanced damages." ROBERT L. HARMON, CYNTHIA A.

HOMAN & LAURA A. LYDIGSEN, PATENTS AND THE FEDERAL CIRCUIT, § 17.3(a), at

1378 (13th ed. 2017). It also explains the Court's statement in *Halo* that enhanced

damages under § 284 "should generally be reserved for egregious cases *typified* by

willful misconduct." 136 S. Ct. at 1934 (emphasis added).

In assessing the egregiousness of a defendant's conduct for § 284 purposes,

"culpability is generally measured against the knowledge of the [defendant] at the

time of the challenged conduct." *Id.* at 1933. The Court in *Halo* rejected the

Federal Circuit's requirement enunciated in *In re Seagate Tech., LLC*, 497 F.3d

1360 (Fed. Cir. 2007) (en banc), that a patentee show "objective recklessness" in

---

[6] *See, e.g., Välinge Innovation AB v. Halstead New England Corp.*, 2018 WL
2411218, at *5 (D. Del. May 29, 2018); *Milo & Gabby, LLC v. Amazon.com, Inc.*,
12 F. Supp. 3d 1341, 1353 (W.D. Wash. 2014); *Trs. of Univ. of Pa. v. St. Jude
Children's Research Hosp.*, 982 F. Supp. 2d 518, 529–30 (E.D. Pa. 2013);
*MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 236 (D. Del.
2012); *Investment Tech. Grp., Inc. v. Liquidnet Holdings, Inc.*, 759 F. Supp. 2d
387, 409 (S.D.N.Y. 2010); *Powell v. Home Depot U.S.A., Inc.*, 715 F. Supp. 2d
1285, 1290 (S.D. Fla. 2010); *Dura Glob. Tech., Inc. v. Magna Donnelly Corp.*, 665
F. Supp. 2d 787, 789 (E.D. Mich. 2009); *Cognitronics Imaging Sys., Inc. v.
Recognition Research Inc.*, 83 F. Supp. 2d 689, 691 (E.D. Va. 2000); *Heil Co. v.
Hartford Accident and Indem. Co.*, 937 F. Supp. 1355, 1361 (E.D. Wis. 1996); *In
re Recombinant DNA Tech. Pat. and Contract Litig.*, 850 F. Supp. 769, 771 (S.D.
Ind. 1994).

order to prove willful misconduct for § 284 purposes. The Court reasoned that the "objective recklessness" test insulated many of the most culpable infringers from § 284's punitive sanctions because it made dispositive invalidity and non-infringement defenses asserted at trial even if the infringer had not acted on the basis of those defenses or was even aware of them. In the Court's words: "Under that standard, someone who plunders a patent—infringing it without any reason to suppose his conduct is arguably defensible—can nevertheless escape any comeuppance under § 284 solely on the strength of his attorney's ingenuity." 136 S. Ct. at 1933. Thus, the Court held that, in cases where the asserted basis for enhanced damages is willful misconduct, it is "[t]he subjective willfulness of [the] patent infringer, intentional or knowing, [that] may warrant enhanced damages, without regard to whether his infringement was objectively reckless." *Id.* at 1933.

One might infer from the clause "intentional or knowing" that under *Halo* a defendant is guilty of willful infringement only if he knew of the patent and either intended to infringe it or knew that his actions constituted infringement. That inference is consistent with *Halo*'s central holding that enhanced damages may be awarded pursuant to § 284 only in egregious cases of misconduct. It is also consistent with the Supreme Court's holding in *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011), that "induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement." Since §

9

284 enhanced damages are available in cases of induced infringement, *see, e.g.*,

*Barry v. Medtronic, Inc.*, 2019 WL 302886, at \*17 (Fed. Cir. Jan. 24, 2019);

*SynQor, Inc. v. Artesyn Techs., Inc.*, 709 F.3d 1365, 1385 (Fed. Cir. 2013); *ACCO*

*Brand, Inc. v. ABA Locks Mfrs. Co.*, 501 F.3d 1307, 1314 (Fed. Cir. 2007);

*Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings*, 370 F.3d 1354, 1371 (Fed.

Cir. 2004), and since, under *Halo*, § 284's enhanced damages award is reserved

only for egregious cases, it would seem incongruous if not illogical to require a

lesser showing of culpability for enhanced damages under § 284 than for induced

infringement under § 271(b).

The Federal Circuit, however, in *Arctic Cat Inc. v. Bombardier Recreational*

*Prods. Inc.*, 876 F.3d 1350, 1371 (Fed. Cir. 2017), held that proof that a defendant

"should have known that its actions constituted an unjustifiably high risk of

infringement" was sufficient to establish willfulness under *Halo*. In so holding, the

Court expressly rejected the defendant's argument that this "'should have known'

standard contradicts *Halo*." *Id.* Two other Federal Circuit decisions issued after

*Halo* make clear that a plaintiff can establish willfulness for § 284 purposes with

proof that "the defendant acted despite a risk of infringement that was either

known or so obvious that it should have been known." *WesternGeco L.L.C. v. Ion*

*Geophysical Corp.*, 837 F.3d 1358, 1362 (Fed. Cir. 2016) (internal quotation marks

and citations omitted), *rev'd on other grounds*, 138 S. Ct. 2129 (2018); *see also*

*WCM Indus., Inc. v. IPS Corp.*, 721 F. App'x 959, 970 (Fed. Cir. 2018) (holding that in reviewing "under the new *Halo* standard" a district court's award of enhanced damages, "we must determine whether the evidence, when viewed in the light most favorable to [the plaintiff], was sufficient to prove by a preponderance of the evidence that [the defendant] acted despite a risk of infringement that was either known or so obvious that it should have been known to [the defendant]") (citing *Arctic Cat*, 876 F.3d at 1371)).

It follows from these Federal Circuit decisions that in order to allege a claim for enhanced damages based on willful misconduct, a plaintiff need only allege facts from which a plausible inference can be drawn that the defendant acted despite a risk of infringement that was either known or so obvious that it should have been known.

### 2. Discussion

Deere alleges that it is entitled to enhanced damages because: (1) Defendants engaged in post-suit willful infringement of the eight patents asserted in Counts 3–4 and 7–12 of the amended complaints; (2) Defendants engaged in willful infringement of the four patents asserted in Counts 1, 2, 5, and 6 of the amended complaints after Deere sent Precision Planting the August 2017 letter; and (3) Defendants engaged in willful infringement of the #173 Patent after Deere

informed Defendants' counsel on June 27, 2018 that Defendants' activities infringed that patent.

Defendants argue that Deere's willfulness allegations should be dismissed in their entirety because "Deere nowhere alleges—much less provides supporting facts that could show—that either defendant, at any point in time either before or after the suits were filed, deliberately copied the asserted patents, attempted to conceal its allegedly infringing behavior, or engaged in any other conduct outside the standards of commerce in the agricultural industry." D.I. 12 at 11. While I agree that deliberate copying, concealment, and conduct "outside [industry] standards" of morality are illustrative of the egregious behavior that the Court in *Halo* contemplated as deserving of enhanced damages awards under § 284; *Arctic Cat*, *WesternGeco*, and *WCM* make clear that an allegation of willful infringement can be based on much less culpable conduct. Under those Federal Circuit holdings, which are binding on this Court, to plead a willfulness-based enhanced damages claim, a plaintiff need only allege that the defendant acted despite a risk of infringement that was either known or so obvious that it should have been known. *Arctic Cat*, 876 F.3d at 1371; *WesternGeco*, 837 F.3d at 1362; *WCM*, 721 F. App'x at 970. To meet this low threshold, a plaintiff need only allege facts that plausibly show that a risk of infringement was made known to the defendant or was sufficiently obvious that it should have been known to the defendant.

Deere's allegations of willful infringement of the eight patents asserted in Counts 3–4 and 7–12 easily meet this test. As alleged in the Precision Planting amended complaint, the original complaint filed against Precision Planting identified the eight patents asserted in Counts 3–4 and 7–12 and explained that the combination of the vSet and SpeedTube Products infringe those patents. A plausible inference can be drawn from these allegations that any post-suit infringement of the eight patents resulting from the combination of the vSet and SpeedTube Products occurred despite a risk of infringement that was either known to Precision Planting or so obvious that it should have been known to it. Similarly, as alleged in the AGCO amended complaint, the original complaint filed against AGCO identified the eight patents asserted in Counts 3–4 and 7–12 and explained that the combination of the vSet and SpeedTube Products and the combination of either of those products with AGCO's planters infringe those patents. A plausible inference can be drawn from these allegations that any post-suit infringement of the eight patents resulting from those combinations occurred despite a risk of infringement that was either known to AGCO or so obvious that it should have been known to it.

It is of course also plausible—indeed, equally plausible—to infer from the original and amended complaints that Deere is using these lawsuits to scare competitors out of the market place with baseless assertions about the meaning and

scope of the patents-in-suit. But the fact that an innocuous or even exculpatory inference can also plausibly be drawn from a complaint's alleged facts does not warrant dismissal. As the Second Circuit explained in *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 189–90 (2d Cir. 2012):

> The question at the pleading stage is not whether there is a plausible alternative to the plaintiff's theory; the question is whether there are sufficient factual allegations to make the complaint's claim plausible. ... [T]he plausibility standard is lower than a probability standard, and there may therefore be more than one plausible interpretation of a defendant's words, gestures, or conduct. Consequently, although an innocuous interpretation of the defendants' conduct may be plausible, that does not mean that the plaintiff's allegation that that conduct was culpable is not also plausible.
>
> ... [O]n a Rule 12(b)(6) motion it is not the province of the court to dismiss the complaint on the basis of the court's choice among plausible alternatives. Assuming that [the plaintiff] can adduce sufficient evidence to support its factual allegations, the choice between or among plausible interpretations of the evidence will be a task for the factfinder.

Accordingly, I will deny Defendants' motions to dismiss the enhanced damages claims alleged in Counts 3–4 and 7–12 of the amended complaints.

I turn next to Deere's enhanced damages claims based on the alleged willful infringement of the four patents asserted in Counts 1, 2, 5, and 6 of the amended complaints. The only alleged source of Defendants' knowledge of these patents is the August 2017 letter. Putting aside the absence of any non-conclusory allegation

that AGCO received or was made aware of that letter before the filing of the original complaints,[7] the amended complaints do not allege that the letter identified the vSet Products, the SpeedTube Product, or AGCO's planters; nor do the amended complaints allege that the letter stated that (let alone explained how) the combination of a vSet Product and the SpeedTube Product or the combination of AGCO's planters with either a vSet Product or the SpeedTube Product infringe the four patents asserted in Counts 1, 2, 5, and 6. Thus, it cannot be said that Defendants knew or should have known from the alleged contents of the August 2017 letter that Defendants' activities constituted a sufficient risk of infringement to make them cease those activities. Accordingly, I will dismiss the claims for enhanced damages alleged in Counts 1, 2, 5, and 6.

Finally, I turn to the allegations of willful infringement of the #173 Patent. Because the Precision Planting amended complaint alleges that Deere informed Defendants on June 27, 2018 of Deere's belief that the combination of the vSet and SpeedTube Products infringes claims of the #173 Patent, it is plausible to infer that

---

[7] Defendants argue that to the extent the willfulness allegations are based on the August 2017 letter and are alleged against AGCO, they should be dismissed because the amended complaint does not plausibly allege that AGCO received the letter. I agree. The amended complaint filed against AGCO alleges that the August 2017 letter was sent to Precision Planting only, and before AGCO acquired Precision Planting. The amended complaint alleges that "on information and belief, [AGCO] was informed of the existence" of the letter, AFAC ¶ 129, but it alleges no facts from which this conclusory allegation can plausibly be inferred.

Precision Planting's continued manufacturing, sale, use, or inducement of that combination constituted willful infringement. Similarly, because the AGCO amended complaint alleges that Deere informed Defendants' counsel on June 27, 2018 of Deere's belief that the combination of the vSet and SpeedTube Products and the combination of either of those products with AGCO's planters infringe claims of the #173 Patent, it is plausible to infer that AGCO's continued manufacturing, sale, use, or inducement of those combinations constituted willful infringement. Accordingly, I will deny Defendants' motions to dismiss the enhanced damages claims alleged in Counts 13 of the amended complaints.

## B. INDUCED INFRINGEMENT

### 1. Legal Standards

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). "To prove inducement of infringement, unlike direct infringement, the patentee must show that the accused inducer took an affirmative act to encourage infringement with the knowledge that the induced acts constitute patent infringement." *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 904 (Fed. Cir. 2014) (citing *Global-Tech*, 563 U.S. at 765–66). Thus, "[f]or an allegation of induced infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts

constituted infringement." *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (alterations in original) (internal quotation marks and citation omitted).

## 2. Discussion

Defendants argue that the induced infringement claims alleged in the amended complaints are deficient as a matter of law because there are no allegations of fact from which the requisite knowledge and specific intent for an induced infringement claim can be inferred.

### a. Knowledge That The Induced Acts Constituted Infringement

"[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement." *Global-Tech*, 563 U.S. at 766. A patent holder can establish that knowledge by showing that the defendant was willfully blind—i.e., by showing that the defendant (1) subjectively believed that there was a high probability that the induced acts constituted infringement and (2) took deliberate actions to avoid learning of that fact. *Id.* at 768–69.

Deere's allegations about Defendants' knowledge of the infringing nature of the acts they induced track Deere's allegations of willfulness. With respect to the four patents asserted in Counts 1, 2, 5, and 6 of the amended complaints, Deere alleges that Defendants knew from the August 2017 letter that the alleged infringing combinations of the vSet Products, the SpeedTube Product, and/or

AGCO planters infringe those patents. With respect to the eight patents asserted in Counts 3–4 and 7–12 of the amended complaints, Deere alleges that Defendants knew from the original complaints that the alleged infringing combinations infringe those patents. Finally, with respect to the 13th counts of the amended complaints, Deere alleges that it informed Defendants' counsel on June 27, 2018 that the alleged infringing combinations infringe the #173 Patent.

As discussed above, Deere does not allege that AGCO received the August 2017 letter; nor does it allege that the August 2017 letter informed Defendants that either the combination of the vSet and SpeedTube Products or the combination of ACGO's planters with the vSet and/or SpeedTube Products infringes the patents asserted in Counts 1, 2, 5, and 6. Accordingly, Deere has not alleged the requisite knowledge element of an induced infringement claim for the patents asserted in Counts 1, 2, 5, and 6; and I will grant Defendants' motions to dismiss those claims.

I reject, however, Defendants' argument that Deere has not adequately pled the requisite knowledge for the remaining induced infringement claims. It is plausible to infer from Deere's allegations about the contents of the original complaints filed on June 1, 2018 and the marketing materials Defendants published on their websites as of May 24, 2018 that Defendants either (1) knew as of June 1, 2018 that Downstream Parties' use of the alleged infringing combinations constituted infringement of the patents asserted in Counts 3–4 and 7–12 of the

18

amended complaints or (2) believed and chose to ignore as of June 1, 2018 that there was a high probability that Downstream Parties' acts constituted infringement of those patents. Similarly, it is plausible to infer from Deere's allegations about its communications with Defendants' counsel on June 27, 2018 and Defendants' online marketing materials that Defendants either (1) knew as of that date that Downstream Parties' use of the alleged infringing combinations constituted infringement of the #173 Patent or (2) believed and chose to ignore as of June 27, 2018 that there was a high probability that Downstream Parties' acts constituted infringement of that patent. To be sure, it is equally plausible to infer from these allegations in the amended complaints that the allegations of infringement in Deere's original complaints and its communications with Defendants' counsel on June 27, 2018 were false and intended to scare Defendants into abandoning lawful conduct. But at this stage of the proceedings the fact that an alternative plausible inference can be drawn from the allegations is of no moment.

### b. Specific Intent to Induce Infringement

"[S]pecific intent may be inferred from circumstantial evidence where a defendant has both knowledge of the patent and specific intent to cause the acts constituting infringement." *Ricoh Co. v. Quanta Comput. Inc.*, 550 F.3d 1325, 1342 (Fed. Cir. 2008); *see also Lifetime*, 869 F.3d at 1380 ("[A] patent owner []

adequately plead[s] intent where it allege[s] knowledge of the patent and []

plausibly plead[s] that the defendants' customers performed the claimed method.").

"Evidence of active steps … taken to encourage direct infringement, such as

advertising an infringing use or instructing how to engage in an infringing use,

show[s] an affirmative intent that the product be used to infringe, and a showing

that infringement was encouraged overcomes the law's reluctance to find liability

when a defendant merely sells a commercial product suitable for some lawful use."

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936 (2005)

(first alteration in original) (internal quotation marks and citation omitted).

As discussed above, Deere has adequately pleaded that (1) as of June 1,

2018 Defendants knew that the alleged infringing combinations of the vSet

Products, the SpeedTube Product, and/or AGCO planters infringe the patents

asserted in Counts 3–4 and 7–12 of the amended complaints, and (2) as of June 27,

2018 Defendants knew that the alleged infringing combinations of the vSet

Products, the SpeedTube Product, and/or AGCO planters infringe the #173 Patent.

Deere has also alleged that Downstream Parties use these alleged infringing

combinations, and that, as of May 24, 2018, Defendants instructed Downstream

Parties to make and use these alleged infringing combinations. *See* AFAC ¶¶ 123,

143, 166, 188, 209, 230, 249, 268, 288, 307, 330, 352, 374; PFAC ¶¶ 109, 129,

152, 174, 195, 216, 235, 254, 274, 293, 316, 338, 360. Thus, it can plausibly be

inferred from the allegations in the amended complaints that as of June 1, 2018 Defendants specifically intended to induce Downstream Parties to infringe the patents asserted in Counts 3–4 and 7–12 of the amended complaints and that as of June 27, 2018 Defendants specifically intended to induce Downstream Parties to infringe the #173 Patent asserted in Counts 13 of the amended complaints. Accordingly, I will deny Defendants' motions to dismiss the induced infringement claims in Counts 3–4 and 7–13 of the amended complaints.

## C. CONTRIBUTORY INFRINGEMENT

### 1. Legal Standards

"Whoever offers to sell or sells ... a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patent process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer." 35 U.S.C. § 271(c); *Global-Tech*, 563 U.S. at 764. "To state a claim for contributory infringement, therefore, a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012).

## 2. Discussion

Defendants argue that Deere has not adequately pleaded that the vSet Products, the SpeedTube Product, and AGCO's planters have no substantial noninfringing uses. *See* D.I. 12 at 18–19; D.I. 27 at 9–10. Deere does not dispute that the vSet Products, the SpeedTube Product, and AGCO's planters can be used other than in combination with each other. Deere argues instead that whether these products have noninfringing uses independent from each other is "irrelevant" because "Deere's allegation is that the *Accused Infringing Products* are not a staple article or commodity of commerce suitable for non-infringing use" and "[a]n 'Accused Infringing Product' is defined as the *combination* of a SpeedTube and a vSet Product." D.I. 18 at 20 (emphasis in original).[8] This argument, however, ignores the express language of § 271(c), which makes a party liable for contributory infringement if it "offers to sell or sells ... **a component of a**

---

[8] Deere's statement that "[a]n 'Accused Infringing Product' is defined as the *combination* of a SpeedTube and a vSet Product" is actually true only with respect to the Precision Planting amended complaint. As noted above, *see supra* note 4, the AGCO amended complaint defines "Accused Infringing Products" as the combination of the "Accused Precision Planting Products" and the "Accused Combined Products," AFAC ¶ 105; defines "Accused Precision Planting Products" the same way the PFAC defines "Accused Infringing Product"—i.e., a combination involving the vSet and SpeedTube Products, AFAC ¶ 89; and defines "Accused Combined Product" as the combination of an AGCO planter with "a product manufactured by Precision Planting—including, for example, the vSet Products, the SpeedTube, or the Accused Precision Planting Products," AFAC ¶ 97.

**patented ... combination** ... , knowing the same **[i.e., the component]** to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use[.]" 35 U.S.C. § 271(c) (emphasis added). In this case, Deere alleges that the vSet Products, the SpeedTube Product, and AGCO's planters are components of patented combinations. Therefore, its failure to allege that those products (i.e., components) have no substantial noninfringing use nullifies its claims for contributory infringement. Accordingly, I will grant Defendants' motion to dismiss Deere's contributory infringement claims.

## IV. CONCLUSION

Deere has plausibly alleged that the original complaint supplied Defendants with knowledge of Deere's patents asserted in Counts 3–4 and 7–12 and Deere's belief that Defendants' activities infringed those patents. Deere has also plausibly alleged that its communications with Defendants' counsel on June 27, 2018 supplied Defendants with knowledge of the #173 Patent asserted in Counts 13 of the amended complaints and Deere's belief that Defendants' activities infringed that patent. Deere has also plausibly alleged that Defendants induced Downstream Parties to make and use the alleged infringing combinations of products that infringe these nine patents. Accordingly, I will deny Defendants' motions to

dismiss Deere's claims for enhanced damages and induced infringement in Counts 3–4 and 7–13 of the amended complaints.

The amended complaints do not plausibly allege that the August 2017 letter sent only to Precision Planting informed Defendants of whether or how they might infringe the patents asserted in Counts 1, 2, 5, and 6. Nor do the amended complaints allege that the components of the alleged infringing combinations have no substantial noninfringing uses. Accordingly, I will dismiss the claims for enhanced damages and induced infringement in Counts 1, 2, 5, and 6 of the amended complaints and will dismiss all of Deere's claims for contributory infringement.

The Court will issue an order consistent with this Memorandum Opinion.