IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEERE & COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 18-827 (CFC) |
| | ) CONSOLIDATED |
| AGCO CORPORATION and | ) |
| PRECISION PLANTING LLC, | ) |
| | ) |
| Defendants. | |

**LETTER TO THE HONORABLE COLM F. CONNOLLY
FROM ANTHONY D. RAUCCI REGARDING DISCOVERY DISPUTE**

OF COUNSEL:

Michael J. Summersgill
Jordan L. Hirsch
Michaela P. Sewall
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Mary (Mindy) V. Sooter
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 17th Street, Suite 2600
Denver, CO 80202
(720) 274-3135

Grant K. Rowan
Heath A. Brooks
Michael Wolin
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Ave., NW
Washington, DC 20006
(202) 663-6000

March 8, 2019

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
Anthony D. Raucci (5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jtigan@mnat.com
araucci@mnat.com

*Attorneys for Defendants AGCO Corporation and Precision Planting LLC*

Dear Judge Connolly:

Defendants Precision Planting, LLC ("Precision") and AGCO Corporation respectfully request the Court's assistance resolving the discovery dispute summarized below.

### I.     Introduction

Deere & Company ("Deere") filed this case in June 2018, asserting that Precision (and AGCO by virtue of its use of Precision products) willfully infringes thirteen patents relating to agricultural planting and seed placement technology.  Deere failed to mention in its complaint, however, that, prior to filing this case, it had tried to acquire Precision and all of the *same* products it now says infringe its patents.  Only after that attempt failed in 2017 did Deere then turn-around and for the first time accuse Precision's products of infringement.  Despite that history, Deere now refuses to produce entire categories of documents and information relating to its attempted acquisition of Precision—including documents related to any assessment Deere made during the attempted acquisition relating to the products it now accuses of infringement.  Such information is directly relevant to Deere's claims in this action.  Defendants therefore request an order compelling Deere to produce the documents and information that it has improperly withheld.

### II.    Deere Refuses to Produce Information and Documents Relating to Its Attempt to Acquire Precision

For two years before filing this suit, from 2015 to 2017, Deere tried to acquire Precision, including its technology, products, and IP.  During this process, Deere never alleged that Precision infringed any Deere patents.  To the contrary, Deere repeatedly stated that it wanted to acquire Precision because ***Precision's technology is different than Deere's technology***.  By way of example, Deere represented to the U.S. Department of Justice ("DOJ")—which investigated the potential acquisition—that:

- Precision and Deere offer "***two radically different sets of products***."  (*United States v. Deere & Co.*, (N.D. Ill. Apr. 10, 2017) (No. 1:16-cv-08515), D.I. 244 at 8 (emphasis added).)

- Precision "develops innovative products, including certain components for planters, to provide specific agronomic benefits to growers."  (*Id.* at 5.)

- Acquiring Precision's technology would "enhance the product and service solutions [Deere] offer[s its] customers."  (https://www.oemoffhighway.com/electronics/smart-systems/telematics/press-release/12133910/john-deere-to-acquire-precision-planting-business-from-the-climate-corp (last visited March 8, 2019).)

- "Precision Planting's agronomically focused and innovative team will boost Deere's capacity to help growers across a wide range of crop production steps, beyond simply increasing planting speed."  (*U.S. v. Deere*, D.I. 90 at 2.)

It was only after the DOJ filed suit to block the transaction and the acquisition fell through that Deere suddenly shifted to a litigation strategy and alleged for the first time that Precision infringes Deere's patents.

Given this relevant history, on August 27, 2018, Precision served Interrogatories and Requests for Production relating to Deere's attempt to acquire Precision.  Among other requests,

Precision included the following four categories of requests seeking a subset of information regarding the attempted acquisition:

- A description of Deere's motivation for the attempted acquisition and the factual circumstances of the acquisition (Precision Interrogatory 14, *see* Ex. 1);

- Documents regarding Deere's motivation for the attempted acquisition and the factual circumstances of the acquisition (Precision RFPs 103, 107, 109, and 112-118, *see* Ex. 2);

- Documents regarding any analysis Deere performed in connection with the attempted acquisition relating to Precision products (Precision RFP 104, *see id.*); and

- Documents regarding any valuation Deere performed in connection with the acquisition relating to Precision products or technology (Precision RFPs 105, 108, and 110, *see id.*).

Deere, however, refuses to produce this information. Deere has stated that if Precision agrees not to pursue **any other discovery** relating to the acquisition, it would provide a small and select subset of documents from the attempted acquisition: valuation and pricing documents collected from six specific Deere employees that were also produced to the DOJ; executed versions of agreements from the attempted acquisition; portions of board meeting minutes relating to competition with Precision or the acquisition; and transcripts and discovery responses from the DOJ investigation. Deere's cherry-picked set of topics **excludes** significant relevant information and documents from the attempted acquisition (*see* Ex. 3):

- *Any description* of Deere's motivation for the acquisition or the factual circumstances surrounding the attempted acquisition (Precision Interrogatory 14);

- *Any documents* relating to Deere's motivation for the attempted acquisition and the factual circumstances surrounding the attempted acquisition (Precision RFPs 103, 107, 109, 112-118);

- *Any documents* regarding Deere's analysis of Precision's technology—including documents showing any evaluation Deere performed relating to the Precision products it now accuses of infringement (Precision RFP 104); and

- *Any documents* regarding Deere's valuation of Precision or its IP—other than the few hand-picked documents collected from six specific individuals and produced to the DOJ—including any documents showing how Deere valued the Precision technology and products accused in this case (Precision RFPs 105, 108, 110).

Deere does not dispute that it has the information and documents that Precision has requested. Instead, Deere simply asserts without any support or authority that it can withhold this discovery because it will produce **other documents**—that have nothing to do with the attempted acquisition of Precision—relating to non-infringement and damages. But this does not give Deere license to withhold documents from the attempted acquisition that are also plainly relevant to multiple issues in the case. *See Inventio AG v. ThyssenKrupp Elevator Americas Corp.*, 662 F. Supp. 2d 375, 385 (D. Del. 2009) (finding that production of some responsive documents did not allow plaintiff to withhold other responsive and relevant documents). Deere has also argued that Precision seeks every single document relating to the attempted acquisition. But, as set forth above, that is not accurate—Precision has narrowed its requests to just the four

categories of information and documents listed above, which are directed to the most relevant aspects of the attempted acquisition.

### III. The Requested Discovery Is Highly Relevant to Deere's Claims

Deere's attempted acquisition of Precision is relevant to multiple issues in this case.

***First,*** the attempted acquisition is relevant to non-infringement. During the attempted acquisition, Deere represented that Precision's technology is different than Deere's technology and innovative. It is now taking precisely the opposite position. Documents and information regarding the attempted acquisition—including statements Deere made about Precision's products and evaluations that Deere performed relating to Precision's technology—thus go directly to the credibility of Deere's infringement arguments. *See Digene Corp. v. Third Wave Techs., Inc.*, 2007 WL 5731934, at *3 (W.D. Wis. July 27, 2007) (compelling production of documents relating to plaintiff's attempt to acquire defendant because they could show that "[defendant's] products could not possibly be infringing").

***Second***, the attempted acquisition is relevant to damages. Any analysis Deere did of the worth of the Precision technology and products at issue in this case, the value of this technology to Deere, and the different markets served by Precision's technology is relevant to any damages claim that Deere makes. For example, Deere asserts that it will seek lost profits. *See, e.g.*, No. 18-828, D.I. 9, ¶¶ 113-114; Deere's Objs. and Resps. to Defs.' First Set of Reqs. for Produc., No. 91. Statements Deere made during the attempted acquisition that Precision's products serve different markets than Deere's products would directly undercut this claim. *See Akamai Techs., Inc. v. Limelight Networks, Inc.*, 2008 WL 364401, at *5 (D. Mass. Feb. 8, 2008) (finding that evidence of plaintiff's prior attempt to acquire defendant was "relevant to a computation of lost profits" because the evidence could show that "Limelight's products were differentiated from [Akamai's], and thus did not reduce the volume of Akamai's sales of its own services").

***Third***, the attempted acquisition is relevant to the potential bias of Deere's witnesses. The fact that Deere alleged infringement only after it failed to acquire Precision suggests that its motivation for bringing this suit is not based on a concern regarding alleged infringement but because it is trying to eliminate Precision from the marketplace. *See AM Int'l, Inc. v. Eastman Kodak Co.*, 100 F.R.D. 255, 258 (N.D. Ill. 1981) (compelling production of documents related to claim that plaintiff brought suit "to achieve objectives unrelated to the patents in issue").

Accordingly, Defendants request an order compelling Deere to produce the four categories of information and documents described above relating to the attempted acquisition.

Respectfully,

*/s/ Anthony D. Raucci*

Anthony D. Raucci (#5948)

cc:    Clerk of the Court
       Counsel of Record