IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEERE & COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 18-827 (CFC) |
| | ) CONSOLIDATED |
| AGCO CORPORATION and | ) |
| PRECISION PLANTING LLC, | ) **REDACTED - PUBLIC VERSION** |
| | ) |
| Defendants. | ) |

**LETTER TO THE HONORABLE COLM F. CONNOLLY FROM
JEREMY A. TIGAN IN OPPOSITION TO DEERE'S
<u>LETTER REGARDING DISCOVERY DISPUTES</u>**

OF COUNSEL:

Michael J. Summersgill
Jordan L. Hirsch
Michaela P. Sewall
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Mary (Mindy) V. Sooter
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 17th Street, Suite 2600
Denver, CO 80202
(720) 274-3135

Grant K. Rowan
Heath A. Brooks
Michael Wolin
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6000

Original Filing Date: September 30, 2019
Redacted Filing Date: October 7, 2019

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jtigan@mnat.com
araucci@mnat.com

*Attorneys for Defendants AGCO Corporation
and Precision Planting LLC*

Dear Judge Connolly:

Defendants ("Precision") respectfully request that Deere's motion (D.I. 137) be denied.

## I. Invalidity Contentions

Deere accuses Precision of infringing *eleven* patents. Despite the breadth of its own allegations, Deere now complains about the scope of Precision's invalidity contentions, seeking what amounts to a dispositive ruling on obviousness. Deere's position is fundamentally flawed in three respects. *First*, Precision's invalidity contentions complied with the Scheduling Order, which imposes a limit on the number of prior art *references*, but not on the number of obviousness *combinations*. *Second*, Deere has failed to meaningfully meet and confer with Precision on this issue, even opposing the narrowed contentions Precision already served. *Third*, even if Deere's arguments had any merit, the relief it seeks—striking Precision's obviousness defense in its entirety—would be far out of proportion to Deere's complaints.

*Precision's Contentions Adhered to This Court's Orders*. Deere's argument that Precision's obviousness contentions are "meaningless" is without merit. The asserted claims in Deere's patents relate to straightforward mechanical devices for planting seeds. Every component of the asserted claims was well-known long before Deere's patents. Precision's invalidity contentions demonstrate this in a detailed cover pleading and 79 claim charts explaining specifically where each prior art reference discloses each element of each asserted claim.

Precision's contentions comply with this Court's orders. The Scheduling Order required Precision to serve invalidity contentions with no more than 80 prior art *references* by July 12, 2019. (D.I. 72, at 12.) This is exactly what Precision did. (D.I. 108.) The Scheduling Order further required Precision to reduce the number of prior art references to no more than 35 within 14 days of Deere's reduction to 20 claim asserted claims. (D.I. 72, at 13.) Again, Precision did so. (D.I. 125.) The Scheduling Order also required Precision's contentions to comply with the Delaware Default Standard ¶ 4.d, which requires defendants to "produce to the plaintiff its initial invalidity contentions for each asserted claim, as well as the related invalidating references[.]" Precision complied. (D.I. 108; Ex. 1). In short, Deere fails to cite anything that requires Precision to limit its contentions to a specific number of *combinations*.[1]

Deere never requested a limit on the number of combinations, and no such limit was ever imposed. The Scheduling Order issued after motion practice on this very issue—case narrowing. There, Deere argued that *no* mandatory case narrowing was appropriate. (D.I. 24, at 6; D.I. 46-1, at 12.) Later, when Deere proposed a compromise procedure (D.I. 56, at 3), it sought to limit *only* the number of Precision's prior art *references*, not the number of obviousness *combinations*. Precision complied with the numerical limits on references that were ultimately adopted.

In its contentions, Precision (i) listed 79 prior art references; (ii) carefully grouped those references according to the mechanical component of the asserted claims that each reference disclosed; (iii) clearly explained how the disclosed mechanical components could be combined

---

[1] Deere cites the Court's April 22, 2019 Model Scheduling Order. Precision's disclosures comply with that order, but in any event it issued *after* the scheduling order in this case. (*See* D.I. 72.)

to form the claimed devices, and (iv) showed why a POSITA would have been motivated to combine those groups, and the components they disclosed, with the other mechanical components from the other groups to form the claimed mechanical devices.  This format for obviousness contentions is commonly upheld.  See *Cox Commc'ns Inc. v. Sprint Commc'ns, Co.*, No. 12-487-JFB, 2017 WL 4400781, at *3 (D. Del. Oct. 2, 2017) (denying motion to strike invalidity contentions even though they "may potentially result in **innumerable** obviousness permutations");[2] *Avago Techs. General IP PTE Ltd. v. Elan Microelectronics Corp.*, No. C04-05385, 2007 WL 951818, at *4 (N.D. Cal. Mar. 28, 2007) (invalidity contentions sufficient where they "organize[] prior art references that disclose the same claim element into…***groups***," and where the "theory of obviousness is the same for each and every possible combination[] of the…groups" even if the "approach…results in literally **billions** of different possible combinations"); *Keithly v. The Homestore.com, Inc.*, 553 F. Supp. 2d 1148, 1150 (N.D. Cal. 2008) (holding a "grouping method" for "disclosing obviousness combinations for large groups of prior art documents" is permissible even if "the method in which defendants groups the references can lead to 'thousands or perhaps ***millions*** of possible combinations'"); *Asia Vita Components Co. v. Asetek Danmark A/S*, No. 16-cv-07160, 2018 WL 4945316, at *4 (N.D. Cal. Oct. 11, 2018) ("Courts within this district have generally approved a grouping approach to obviousness combinations….").  In fact, ***Deere's cited cases*** recognize the validity of this approach.  See *0912139 B.C. LTD. v. Rampion USA Inc.*, No. C18-1464, 2019 WL 3082290, at *6 (W.D. Wash. June 15, 2019) ("Under one line of authority, courts have found that a defendant satisfies its obligation to disclose obviousness contentions even if its approach results in ***billions*** of possible combinations, as long as the defendant reasonably specifies the possible combinations of prior art that allegedly render the asserted claims obvious.  In those cases, the defendants organized prior art references into ***groups*** and articulated an overarching theory of obviousness that applied to each and every possible combination of prior art within the groups." (quot. and citations omit.)); *Slot Speaker Techs., Inc. v. Apple, Inc.*, No. 13-cv-1161, 2017 WL 235049, at *6 (N.D. Cal. Jan. 19, 2017) (explaining that "the trend in this district is not to require" identification of each combination in contentions, provided "an alleged infringer can reasonably demonstrate identical theories of obviousness for ***grouped combinations*** of prior art").  Precision's contentions precisely disclose its obviousness arguments in this commonly-adopted format.

***Deere Failed to Meaningfully Meet and Confer.***  Deere's complaints about Precision's invalidity contentions began before its attorneys had even downloaded—let alone reviewed—Precision's invalidity charts, in fact, before Deere had ***even looked at*** Precision's complete contentions.  Ex. 2, at 2.  Precision nevertheless engaged in a good faith effort to address Deere's concerns.  *Id.*  Ultimately, in an effort to allay Deere's concerns, Precision offered to voluntarily narrow its invalidity contentions to 80 obviousness ***combinations*** across all eleven asserted patents, which it has now done.  Ex. 3, at 3; Ex. 4; Ex. 5.  Deere not only ***opposes*** this narrowing, but also seeks to rewrite the Court's Scheduling Order.  The Scheduling Order allows Precision to rely on **35** prior art references, but Deere demands that Precision rely only on ***"10 total references"*** across all 11 asserted patents—25 fewer than the Scheduling Order permits.  Deere's rigid position has prevented any reasonable compromise.

***The Relief Deere Seeks Would Be Unprecedented.***  Deere asks this Court to penalize Precision by depriving it of a critical defense.  Deere does not cite a single case that grants such

---

[2] All emphases herein are added unless otherwise noted.

2

relief under such circumstances. To the contrary, courts have rejected this extreme penalty, even where contentions are "expansive." *See Cox Commc'ns*, at *3; *see also Elbit Systems Land and C4I Ltd. v. Hughes Network Systems, LLC*, No. 2:15-cv-37, Dkt. No. 201, at 4 (E.D. Tex. Sep. 26, 2016) (denying motion to strike contentions containing a calculated "550 billion possible obviousness combinations" where defendants voluntarily narrowed their contentions). Moreover, Deere has not articulated any concrete prejudice. The case Deere relies on for its prejudice argument dealt with very different circumstances—new *witnesses* on the eve of trial— and that court held *against* Deere's position here, finding that the "district court abused its discretion in excluding [the witnesses]." *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 905 (3d Cir. 1977). Instead of Deere's disproportionate demands, Precision requests that the Court grant Precision permission to narrow its invalidity contentions, as reflected in the amended disclosures it already served on September 25. Good cause is not required for amendments that simply narrow prior disclosures. *See Slot Speaker*, at *4 ("a party requesting leave to amend in response to a motion to strike" need not "make the same showing of 'good cause' that it would be required to make if formally moving to amend its contentions to add newly discovered information"); *see also Network Protection Sciences, LLC v. Fortinet, Inc.*, No. 12-01106, 2013 WL 1949051, at *2 (N.D. Cal. May 9, 2013).[3]

## II.   Deere's Demand for Financial Data on Unaccused Products

A patentee may only seek damages on sales of an unaccused product if its ***only use*** is with an accused product. *American Seating Co. v. USSC Grp., Inc.*, 514 F.3d 1262, 1268 (Fed. Cir. 2008) (damages on unaccused products are only available if they are "components of a single assembly or parts of a complete machine, or they together constitute[] a functional unit"; products that "independently operate[]" cannot be included in the damages analysis").

Deere demands extensive financial data for more than ***200 unaccused products*** that are not mentioned a single time in Deere's complaint or infringement contentions. Deere has not made any attempt to show that it is entitled to damages on these products. It has not, for example, provided any evidence that all 200 products operate only with the accused products. In fact, it could not—Deere's list includes products that undisputedly may be used without the accused products. For example, Deere requests data on iPad holders and hopper lids. Deere cannot recover damages on these independently-used products. *See Immersion Corp. v. HTC Corp.*, No. 12-259-RGA, 2015 WL 834209, at *4 (D. Del. Feb. 24, 2015) (Andrews, J.) (excluding damages testimony on unaccused products because "[i]f they can function independently, patented and unpatented products do not constitute a functional unit").

Nevertheless, Precision has attempted to compromise to avoid motion practice on this issue by offering—without waiving its objections—to produce data for 110 of the 200 unaccused products. Ex. 6, at 1-7; Ex. 7; Ex. 8, at 1. This is more than Precision is required to do; however, Deere rejected Precision's offer without explanation, instead filing this motion. There is simply no basis for Deere's demand for detailed financial information for the remaining 90 unaccused products.

---

[3] In each of the cases Deere relies on, the defendant sought to ***add new*** references. *Allure Energy, Inc. v. Nest Labs, Inc.*, 84 F. Supp. 3d 538, 540 (E.D. Tex. 2015); *Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co.*, No. 4:14-CV-371, 2016 WL 3854700, at *1 (E.D. Tex. Mar. 28, 2016).

Respectfully,

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)

JAT/rs  
Enclosures  
cc: Clerk of Court (Via Hand Delivery)  
      All Counsel of Record (Via Electronic Mail)

4